# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | |
|---|---|
| JAMIE EDMONDS, | ) |
| | ) |
| **Plaintiff,** | ) No. 2:13-cv-00007 |
| | ) Judge Sharp |
| v. | ) |
| | ) |
| W.B. MELTON, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at Overton County Jail in Livingston, Tennessee. He brings this action under 42 U.S.C. § 1983 against Sheriff W.B. Melton, jail administrator Shannon Harvey, and nurse Debbie Deck in their official and individual capacities, alleging that the defendants are denying the plaintiff dental care during his incarceration. (Docket No. 1). The plaintiff seeks money damages and an injunction requiring the defendants to provide the plaintiff with free dental treatment. (*Id.* at p. 5).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## I.     PLRA Screening of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable

basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

## II. Facts

According to the complaint, the plaintiff has been trying to obtain dental care for months while incarcerated at the Overton County Jail. He alleges that he "has badly decaying teeth that hurt constantly and need to be filled or pulled." The plaintiff has "filled out sick calls" and has seen the jail nurse, defendant Deck, on several occasions. She has given the plaintiff ibuprofen and an oral pain reliever for his dental pain. When the plaintiff asked to seek a dentist, defendant Deck told him that the policy of the Overton County Jail is that inmates must pay (or have someone pay on their behalf) in advance for outside dental treatment and then the jail staff would make arrangements for inmates to see a dentist. The plaintiff alleges that, because he is indigent, he lacks the means to pay for an outside dentist. He has filed grievances regarding the lack of access to dental care but has not received a response. (Docket No. 1 at p. 5).

## III. Section 1983 Standard

Plaintiff Edmonds filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the

2

Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

IV.     **Analysis of Edmonds' Section 1983 Claim**

Delays in providing medical or dental care may give rise to a violation of a prisoner's rights under the Eighth Amendment. To state a claim for relief under the Eighth Amendment, the plaintiff must allege facts showing that the defendants were deliberately indifferent to a serious medical or dental need. With regard to dental problems, the Sixth Circuit has recognized:

> [N]ot all dental problems constitute serious medical needs. Rather, '[a] cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities.'

*McCarthy v. Place*, 2008 WL 5069039, at *4 (6th Cir. 2008)(quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)).

Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. *Estelle v. Gamble*, 429 U.S. at 105-06. Further, a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Finally, where a prisoner has received some medical or dental treatment, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and constitutionalize claims which sound in state tort law. *Berryman v. Rieger*, 150 F.3d 561, 565 (6th

Cir. 1998)(citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Here, the plaintiff has alleged that the Overton County Jail's policy violates his federal civil rights because the policy requires him to pay to see a dentist; the plaintiff cannot afford to pay and has no one to pay for dental services for him.[1] Critically, the plaintiff has not alleged that he has a serious dental need necessitating treatment by a dentist. Although the plaintiff alleges that he suffers from dental pain, he does not explain how the dental pain poses a substantial risk of serious harm to the plaintiff. For example, he does not allege that the pain is so severe that he cannot eat. Neither does he allege that his gums are bleeding or that he is unable to participate in his daily activities as a result of the pain. Moreover, the plaintiff admits that the nurse has given him ibuprofen and an oral pain reliever for his dental pain on more than one occasion. Therefore, the plaintiff has received some treatment for his dental pain, albeit not the treatment he desired. The plaintiff's allegations may amount to negligent treatment but, without more, the court is unable to conclude that the complaint states a claim for relief under the Eighth Amendment for a denial of dental care.

**V.     Conclusion**

For these reasons, the court finds that the allegations in the complaint fail to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. Thus, the plaintiff's claims will be dismissed.

---

[1] The court's decision does not speak as to whether such a policy, if it exists, would pass constitutional muster should an indigent inmate present with a serious dental need.

An appropriate Order will be entered.

_____
Kevin H. Sharp
United States District Judge